# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 20, 2008

Marzuq Al-Hakim
1115 E ESKIMO AVE
TAMPA  FL  33604-1854

**Appeal Number: 07-15724-D**
Case Style: In Re:  Marzuq Al-Hakim
District Court Number:  07-01093  CV-T-17-EAJ ()



The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this petition will be dismissed by the clerk without further notice unless you pay to the clerk of this court a total fee of $450.  See I.O.P. 1, Payment of Fees, following FRAP 15.

No further action will be taken you your petition unless the fee is paid.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Nancy Holbrook (404) 335-6183

MOT-2 (06-2007)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 07-15724-D

---

Dist. Ct. Dkt. No. 07-01093-CV-T-17-EAJ



IN RE:

MARZUQ AL-HAKIM,

Petitioner.

---

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

---

**BEFORE:** ANDERSON and HULL, Circuit Judges

**BY THE COURT:**

Marzuq Al-Hakim, proceeding pro se, moves this Court for reconsideration of its February 2008 order denying him leave to proceed in forma pauperis ("IFP"). This Court determined that Al-Hakim had not established a clear and indisputable right to a writ of mandamus reinstating his 42 U.S.C. § 1983 action because he could have appealed the dismissal of that action but failed to do so. Therefore, we concluded that Al-Hakim's mandamus petition was frivolous and denied him IFP status.

A party seeking rehearing or reconsideration must specifically allege any point of law or fact that this Court overlooked or misapprehended. See Fed.R.App.P. 40. In this case, because Al-Hakim merely (1) disputes the well-established Court procedure of having a single judge deny IFP

motions pursuant to 11th Cir. R. 27-1(d); and (2) reargues that the district court erred in applying Heck v. Humphrey, 512 U.S. 477, 489-90, 114 S.Ct. 2364, 2374, 129 L.Ed.2d 383 (1994), he has not established that this Court overlooked or misapprehended any point of fact or law when it determined that he could have appealed the district court's dismissal of his § 1983 action. See id.. Accordingly, his motion for reconsideration is **DENIED**.